UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Bruce Lester Fuller,

    Plaintiff,

    v.                                  Civil Action No. 2:19-cv-125-cr-jmc

Michael Touchette,
Michael Lyon,
Centurion Medical Services,

    Defendants.

## REPORT AND RECOMMENDATION AND ORDER
(Docs. 21 & 24)

Bruce Lester Fuller, a Vermont inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they assigned him a top bunk at the Vermont Department of Corrections' (DOC) Southern State Correctional Facility despite his chronicled medical need for a lower bunk. (Doc. 7 at 4.) Fuller further claims that Defendants failed to provide adequate medical care for injuries he sustained falling from the top bunk and that Defendants retaliated against him for lodging complaints and grievances. (*Id*. at 5–8.) Fuller filed an Amended Complaint on July 29, 2019, naming additional defendants and setting forth more detailed factual allegations.[1] (*See* Doc. 23.)

---

[1] As Defendants note, the Amended Complaint was docketed on August 26, 2019. (Doc. 24 at 1.) However, the "prison mailbox rule" requires the Court to consider the date on which Fuller presented his motion to prison staff for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Nobel v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Although it is not clear from the docket when prison staff received the motion, courts in the Second Circuit generally assume that the inmate gave the filing to

Presently before the Court is Defendants' Motion to Dismiss (Doc. 21) and Motion for Extension of Time to file a responsive pleading (Doc. 24). For the reasons stated below, I recommend that the Motion to Dismiss (Doc. 21) be DENIED without prejudice to renew. The Defendants' Motion for Extension of Time (Doc. 24) is GRANTED.

## Background

On July 16, 2019, Fuller filed the initial Complaint in this matter. (Doc 7.) On July 29, 2019, he filed an Amended Complaint (Doc. 23), which Defendants assert they did not receive until September 13, 2019. However, on September 12, 2019, Defendants had filed a Motion to Dismiss, arguing that: (1) the official capacity claims against Touchette and Lyon are barred by the Eleventh Amendment and because Touchette and Lyon are not "persons" for purposes of a § 1983 claim (Doc. 21 at 3–5); (2) the individual capacity claims against Touchette and Lyon should be dismissed because Fuller had not sufficiently alleged personal involvement (*id.* at 5–8); (3) the claims against Centurion should be dismissed because Fuller did not allege his injuries were the result of an official policy by Centurion and because Centurion is entitled to sovereign immunity as the "functional equivalent" of the State via its provision of inmate medical care (*id.* at 8–12); and (4) Fuller failed to establish that any of the Defendants acted with deliberate indifference to a substantial risk of harm or his serious medical needs (*id.* at 12–14). Following their receipt of the Amended

---

officials on the date it was signed. *See United States v. Aguiar*, Crim. Action No. 2:00-cr-119, 2017 WL 3278887, at *3 (D. Vt. Aug. 2, 2017). Accordingly, pursuant to the "prison mailbox rule," Fuller's Amended Complaint was filed on July 29, 2019. (Doc. 23 at 95.)

Complaint on September 13, 2019, Defendants filed a Motion for Extension of Time, stating that the Motion to Dismiss was directed at Fuller's initial Complaint and that Defendants had been unaware of the Amended Complaint at the time of filing their Motion to Dismiss.  (Doc. 24 at 1.)  Defendants requested additional time in order "to align their responsive pleading with the newly named defendants." (*Id.*)

## Analysis

Courts are frequently called on to determine how a case should proceed when a plaintiff amends his complaint while a motion to dismiss is pending.  Though that is not the precise situation presented here—Fuller's Amended Complaint was filed *before* Defendants' Motion to Dismiss—the analysis remains much the same, given that Defendants had not yet received service of the Amended Complaint at the time they filed the Motion to Dismiss, which was directed at Fuller's initial Complaint.  In these situations, "the court then has a variety of ways in which it may deal with the pending motion [to dismiss], from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *United Rentals (N. Am.) Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298 (JCH), 2015 WL 7257864, at *6 (D. Conn. Nov. 17, 2015) (internal quotation marks and citations omitted).  Because "an amended pleading ordinarily supersedes the original and renders it of no legal effect," *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000), it follows that "the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07-CV-838S, 2008 WL 4507590, at *2 (W.D.N.Y. Sept. 29, 2008).

Accordingly, because Fuller's Amended Complaint superseded and completely replaced the original Complaint at which Defendants' Motion to Dismiss was directed, the Motion to Dismiss is moot. Therefore, I recommend that the Defendants' Motion to Dismiss (Doc. 21) be DENIED without prejudice to renew.

Defendants also request an extension of time to file a responsive pleading. (Doc. 24 at 1.) In order to "align their responsive pleading with the newly named defendants" in the Amended Complaint, Defendants request an extended deadline of November 22, 2019. (*Id.*) However, the deadline for the newly named defendants to file a responsive pleading is November 18, 2019. Because the Court finds that Fuller will not be prejudiced by an extension of time to the same deadline as the newly named defendants, Defendants' Motion for an Extension of Time (Doc. 24) is GRANTED. Defendants must file their responsive pleading on or before November 18, 2019.

## Conclusion

For the above stated reasons, I recommend that the Defendants' Motion to Dismiss (Doc. 21) be DENIED without prejudice to renew, and Defendants' Motion for an Extension of time (Doc. 24) is GRANTED. Defendants are directed to file a responsive pleading to the Amended Complaint on or before November 18, 2019.

Dated at Burlington, in the District of Vermont, this 22nd day of October 2019.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge