U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 FEB 13 AM 11: 43

CLERK

BY ____U/nv/____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BRUCE LESTER FULLER,

Plaintiff,

v.

MICHAEL TOUCHETTE, MICHAEL LYON,
and CENTURION MEDICAL SERVICES,

Defendants.

Case No. 2:19-cv-125

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**
(Docs. 21 & 38)

This matter came before the court for a review of the Magistrate Judge's October 22, 2019 Report and Recommendation ("R & R") (Doc. 38), in which he recommended the court deny the motion to dismiss Plaintiff Bruce Lester Fuller's original Complaint filed by Defendants Michael Touchette, Michael Lyon, and Centurion Medical Services (Doc. 21). No party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

On July 16, 2019, Plaintiff, a self-represented inmate, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights by assigning him an upper bunk at Southern State Correctional Facility despite knowledge of his medical need for a lower bunk. After a fall from the upper bunk, Plaintiff further alleges Defendants failed to provide adequate medical care to address his injuries and retaliated against him for lodging complaints and grievances.

On August 26, 2019, Plaintiff filed an Amended Complaint naming additional defendants and asserting more detailed factual allegations. On September 12, 2019, Defendants filed a motion to dismiss the original Complaint, and the next day Defendants received the Amended Complaint. Shortly thereafter, they filed a motion for an extension of time to respond to the Amended Complaint because their motion to dismiss was directed at Plaintiff's original Complaint, which the Magistrate Judge granted.

"[I]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect[.]" *Hancock v. City of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (internal quotation marks omitted). Because Plaintiff's Amended Complaint supersedes his original Complaint, the Magistrate Judge correctly concluded that Defendants' motion to dismiss the initial Complaint should be denied as moot.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 38) as the court's Opinion and Order and DENIES AS MOOT Defendants' motion to dismiss. (Doc. 21.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of February, 2020.

Christina Reiss, District Judge
United States District Court